IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

STEVE MARCHIONE,                                                     Civ. No. 1:12-cv-01535-CL

            Plaintiff,

                                                                                ORDER

    v.

PLAYBOY ENTERPRISES, INC. and STEVE
CLAYTON, INC.,

            Defendant.

_____

CLARKE, Magistrate Judge.

      This matter comes before the court on the motion to dismiss [#18] filed by Defendant Playboy Enterprises, Inc. ("Playboy"). Defendant Steve Clayton, Inc. ("Clayton") does not join in the motion. The court has jurisdiction under 28 U.S.C. § 1332. For the reasons below, Playboy's motion is denied.

## BACKGROUND

      Plaintiff's claims are based on two separate transactions: the first between Playboy and Clayton, and the second between Clayton and Plaintiff Marchione. In the first transaction,

Page 1 – ORDER

Playboy hired Clayton pursuant to an October, 2005 license agreement, which authorized Clayton to create and market a unique guitar using Playboy's name and trademarks. The 2005 agreement also authorized Clayton to retain third party developers to assist in the design of the Playboy-themed guitars. Under the terms, Clayton agreed to secure a written assignment from any third party developer transferring all rights, title, and interest in the designs and work product to Playboy. Clayton would then manufacture and sell the guitars from its facility in Oregon. Clayton also agreed to pay Playboy guaranteed royalties on all sales of Playboy-themed instruments.

In the second transaction, as outlined in the above license agreement, Clayton retained the plaintiff as a third party developer to design three custom guitars using Playboy's name and distinctive trademarks. This transaction took place under the terms of a June, 2006 development agreement between Clayton and the plaintiff. Under the 2006 agreement, the plaintiff conveyed all ownership rights in his designs and work product to Clayton; pursuant to the 2005 agreement, Clayton then assigned the rights to Playboy. Plaintiff was to receive 3% of the net sales of the guitars, according to the 2006 agreement.

Plaintiff claims that he duly performed all the terms and conditions of the contract with Clayton, timely providing him with unique instrument designs. He claims that Clayton manufactured and sold guitars based on his designs, and that Clayton continues to do so. Additionally, Plaintiff alleges that his designs increased the value and sales volume of the guitars in excess of the use of an alternative design, and he asserts that Playboy is currently accepting more royalties for the sales of these guitars than it would have done with the use of an alternative design.

## LEGAL STANDARD

Under FRCP 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). In answering this question, the court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). A complaint need not make "detailed factual allegations," however, "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). To survive a motion to dismiss under FRCP 12(b)(6), plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." Id. at 555. That is, plaintiffs must show that their claims not merely conceivable, but plausible. Id. at 570; Ashcroft v. Iqbal, 556 U.S 662, 679 (2009).

## DISCUSSION

As against Defendant Playboy, the plaintiff asserts claims for unjust enrichment, constructive trust, and quantum meruit. The parties agree that Oregon law should apply to these claims. See Nelson v. Int'l Paint Co., 716 F.2d 640, 643 (9th Cir. 1983) ("In diversity cases, the district court normally applies the substantive law of the forum state, including its choice of law rules").

All three claims may be collapsed into one cause of action based on a quasi-contract claim. First, "[t]he concept of constructive trust does not stand on its own as a substantive claim, but exists solely as an equitable remedy, available to divest an individual who has been unjustly

enriched of property that he or she 'ought not, in equity and good conscience, hold and enjoy.'" Tupper v. Roan, 349 Or. 211, 219-20, 243 P.3d 50, 56-57 (2010) citing Marston v. Myers et ux., 217 Or. 498, 509, 342 P.2d 1111 (1959). The concepts of constructive trust and unjust enrichment thus are "intertwined" such that a constructive trust may be used to avoid unjust enrichment when the plaintiff will not be made whole by money damages alone. See id.

Second, unjust enrichment and quantum meruit are both quasi-contract claims. See Summer Oaks Ltd. P'ship v. McGinley, 183 Or.App. 645, 653-54, 55 P.3d 1100, 1104-05 (2002) (unjust enrichment); Safeport, Inc. v. Equip. Roundup & Mfg., Inc., 184 Or.App. 690, 706, 60 P.3d 1076 (2002) (quantum meruit). The elements of a quasi-contract claim are (1) a benefit conferred, (2) awareness by the recipient that a benefit has been received, and, (3) under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. Jaqua v. Nike, Inc., 125 Or. App. 294, 298, 865 P.2d 442, 445 (1993).

Defendant Playboy argues that (1) no benefit was conferred on it, and (2) even if there was a benefit conferred, it was not unjust. The two arguments are based on essentially the same idea: that there was no direct relationship between Playboy and the plaintiff. Playboy asserts that the royalties and the guitar designs were conferred upon it by Clayton, not by the plaintiff. Additionally, Playboy claims that "Plaintiff did not negotiate or contract with Playboy for the sale of its designs, and Playboy never had an obligation to "compensate" Plaintiff for its designs." Motion to Dismiss, 8.

In its Reply brief [#24], Playboy cites to three cases to support the idea that a benefit must be conferred directly from the plaintiff to the defendant to support a claim for unjust enrichment; the court finds none of these persuasive. See Dost v. NW Tree Servs. Inc., 3:11-CV-00270-ST, 2011 WL 6794028 (D.Or. Dec. 21, 2011) (holding that a claim for unjust

enrichment fails when the defendants profited from loans made not to the plaintiff, but to unknown third parties); Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris Inc., 185 F.3d 957, 961 (9th Cir. 1999) (holding that defendant tobacco companies had to no legal obligation to pay smokers' medical bills; therefore plaintiff's payments of those bills did not benefit the defendants); Nat. Trust, Ltd. Liab. Co. v. Gunderson, 132 F. Supp. 2d 1284, 1286 (D. Or. 2000) (holding that a defense of unjust enrichment was unavailable for a defendant where it granted two promissory notes on the same piece of property that eventually became held by a corporation and its subsidiary; foreclosing on both notes was not a "double recovery, and therefore not unjust enrichment). These cases demonstrate that a quasi-contract cause of action must allege an actual benefit to the defendant, or detriment to the plaintiff. They do not interpret the cause of action as requiring a direct, uninterrupted relationship between the plaintiff and the defendant, contractual or otherwise.

Plaintiff has alleged facts that state a claim for relief based on a quasi-contract cause of action. First, plaintiff claims that a benefit was conferred on Playboy when it was paid royalties over and above the royalties it would have received with the use of an alternative guitar design. Plaintiff also claims that the ownership rights in his guitar designs are a benefit conferred on Playboy. Second, plaintiff claims that Playboy was aware of these benefits because it specifically contracted with Clayton to receive them. Plaintiff alleges that Playboy reviewed and approved the plaintiff's designs before authorizing the manufacture and sale of the guitars, and that Playboy was informed in writing that the plaintiff had not been compensated for the designs. Finally, plaintiff claims that it would be unjust to allow Playboy to continue collecting royalties and exercising ownership rights over the plaintiff's guitar designs while the plaintiff remains uncompensated for those designs. The facts, as alleged in the complaint, state a plausible claim

for relief under Oregon law; the fact that Clayton may have acted as a middleman will not prevent Plaintiff from claiming that Playboy was unjustly enriched. Whether or not plaintiff can ultimately prevail on that claim is not properly at issue in this motion to dismiss.

This would end the analysis but for Playboy's claim that there is a fourth element to an unjust enrichment cause of action that the plaintiff has not met. Citing Tum-A-Lum Lumber v. Patrick, 95 Or. App. 719, 770 P.2d 964 (1989), Playboy asserts that, due to the plaintiff's contract with Clayton, the plaintiff must first exhaust his remedies against Clayton before he can bring a valid claim for relief against Playboy.

In Tum-A-Lum Lumber, a supplier brought suit against a landowner after the contractor failed to pay the supplier under a construction contract for materials used in a job on the landowner's property. Id. at 721. The court held that a supplier cannot state a claim for unjust enrichment against a landowner unless the supplier first exhausts all the remedies that it may have had against the contractor. Id. The court, however, limited its holding to the facts of the case, and noted specifically that the holding was supported by the policy underlying Oregon's construction lien statutes, which "are intended to provide notice to a landowner that the land may be subject to a construction lien by a furnisher of materials and provide a remedy to a furnisher or materials in plaintiff's circumstances." Id. at 721-22. The case at bar is not subject to the construction lien statutes or notice requirements, and the court finds no reason to extend the holding of Tum-a-Lum-Lumber to non-construction cases.

## CONCLUSION

Plaintiff states a valid claim for relief. Therefore, defendant Playboy's Motion to Dismiss [#18] is DENIED.

DATED this \_\_\_7\_\_\_ day of March, 2013.

_____
MARK D. CLARKE
United States Magistrate Judge